# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**WILLIE BULLINS**                                                                     **PETITIONER**

**V.**                                                          **NO. 4:19-CV-3-DMB-DAS**

**PHIL BRYANT, et al.**                                                   **RESPONDENTS**

## ORDER

On or about December 20, 2018, Willie Bullins filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi. Doc. #1. Bullins' petition challenges his convictions in the Circuit Court of Coahoma County, Mississippi, for two counts of murder and one count of aggravated assault. *Id*. at 1.

The Antiterrorism and Effective Death Penalty Act requires that before a second or successive petition is filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Bullins has filed at least one unsuccessful § 2254 petition challenging the same convictions he challenges here. *See Bullins v. Booker*, 247 F.3d 241 (5th Cir. 2001) (unpublished table

decision).[1] However, Bullins has not obtained an order of authorization to pursue this successive petition. In the interest of justice and judicial economy:

    1.    The Clerk of the Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & (b)(3)(c), and 28 U.S.C. § 1631.

    2.    The pending motion to dismiss [12] is **DENIED without prejudice** and the related motion for extension [14] is **DENIED as moot**.

    3.    This case is **CLOSED**.

**SO ORDERED**, this 7th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] *See also Bullins v. Booker*, No. 2:98-cv-98 (N.D. Miss.).